[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on March 28, 1987 at Wilton, Maine.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The parties have two minor children born issue of the marriage: Evan Ogren, born November 24, 1988; and Eric Ogren, born January 24, 1992.
This case involves a contested custody situation, and has, from its earliest stages. Indeed, the outcome of the pendente lite custody hearing laid the groundwork for much of the parties' continuing conflict. As is clear from the psychological study ordered by the court, and from the testimony of its author, the children have suffered during the heated and outrageous conflict between their parents. The children have been left in the middle and have become protective of their mother and filled with stress, anxiety, and antagonism toward their father.
Until the completion of the psychological study, this matter was filled with a cycle of harsh, rigid and controlling actions by the plaintiff, and overemotional, vehemently angry behavior by the defendant. The continued hostility of the parties has lessened some, and the situation has become far more quiet recently, due in large part to the actions of the defendant, who has taken the words of the psychological study to heart. The plaintiff, unfortunately, remains unable to comprehend his part in the family's pain, and still shows no insight into the motivation for or the ramifications of his actions.
It is illuminating that though the plaintiff claims this is a custody case, when he testified he recited the date of the CT Page 5954 marriage and then immediately recounted the behaviors of his wife which led him to institute this action for dissolution. He spoke nothing of his marriage, his feelings for his wife and children, nor about his experience as a father. The plaintiff's concerns over his wife's ability to parent are incredible, given that there was no concern prior to the family breakup and none articulated during the proceedings except for the claims of over emotionality. The evidence makes clear that the mother was the childrens' primary caretaker throughout the marriage and that they are dependent upon her. The father has been a good parent and provider, but was not as involved in the lives of the children as he was in building a new and demanding business. The high stakes battle, with the children as the spoils, was initiated by the plaintiff more out of his need to win and to punish his wife for leaving him than it was out of concern for the welfare of the children.
The parties entered into a pendente lite agreement, approved and ordered by the court at a short calendar appearance which, in part, provided for a transfer of the marital home between the parties. The court hereby vacates this order as it was made without jurisdiction. Further, the pendente lite agreement of the parties is not binding in the court, which retains the power to transfer the assets of the parties subject to C.G.S. Sec. 46b-81.
The court has considered all the statutory criteria contained in Conn. Gen. Stat. Secs. 46b-56, 46b-81, 46b-82, and 46b-84 and enters the following orders:
1. Sole custody of the minor children is awarded to the defendant with rights of visitation awarded to the plaintiff as follows:
a. every other weekend from Friday at 5:00 p. m. to Sunday at 5:00 p. m.;
b. every Tuesday from 5:00 p. m. to 7:30 p. m.;
c. alternate holidays and shared major holidays such as Christmas and any others to which both parties agree.
d. reasonable phone access
e. three weeks of vacation during the summer, with no more CT Page 5955 than two of them to be consecutive.
2. The plaintiff shall pay to the defendant as child support $200.00 per week in compliance with the child support guidelines, based on the plaintiff's earning capacity. This order is subject to immediate wage withholding and is payable directly to the defendant.
3. All right, title and interest in the marital home is awarded to the defendant, who shall be responsible for the first mortgage, taxes, insurance, and all costs associated with the maintenance of the home. The plaintiff shall be responsible for the second encumbrance on the property which is associated with his business. Each shall indemnify and hold harmless the other on their respective liabilities. The plaintiff shall pay off the loan for which he is responsible no later than May 1, 1999. His obligation to pay this loan shall not be dischargeable in bankruptcy as its payment is intended for the support of the defendant and the minor children. The defendant shall execute a note and mortgage deed in favor of the plaintiff, in the amount of $13,000.00, payable upon sale of the home, the youngest child turning 18, or the defendant's remarriage, whichever first occurs.
4. The plaintiff shall pay to the defendant as alimony $100.00 per week for a period of five years. This award is non-modifiable as to term except that it shall sooner terminate upon the defendant's remarriage, or the death of either party.
5. The plaintiff shall maintain medical insurance for the benefit of the minor children. The parties shall be responsible in equal shares for the non insured health related expenses incurred on behalf of the minor children. This paragraph is meant to be read expansively and for the benefit of the childrens' emotional and physical health.
6. Each of the parties shall maintain their respective interests in their businesses and all assets of the businesses.
7. The plaintiff shall maintain life insurance in the amount of $150,000.00, naming the defendant as irrevocable beneficiary as trustee for the minor children for as long as they are minors.
8. Use of the joint credit cards shall cease. Each of the parties shall be responsible for one half of the outstanding CT Page 5956 balance on those cards as of the date of the dissolution hearing. Any charges made since that date shall be the responsibility of the party who incurred the charge.
9. The plaintiff shall bring current, within 60 days, any real estate taxes owing on the family home.
BY THE COURT
ELAINE GORDON, JUDGE